UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DYLAN JOSEPH LEDFORD,

Plaintiff,

v.

OREGON STATE HOSPITAL; JOSE V.; ALICIA (Nurse on Leaf 2); SECURITY,

Defendants.

Case No. 6:24-cv-00336-MC

**OPINION AND ORDER**

---

MCSHANE, Chief Judge.

Plaintiff, a self-represented litigant proceeding *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Oregon State Hospital (OSH) officials failed to protect him from assault and involuntarily medicated him in violation of his rights under the Fourteenth Amendment. Defendants now move for summary judgment on all claims.[1] Because Plaintiff fails to raise a genuine issue of fact to defeat summary judgment, Defendants' motion is GRANTED.

---

[1] The Court dismissed Defendant Jose V. from this action in a previous ruling. *See* Order dated September 13, 2024 (ECF No. 12).

## BACKGROUND

Plaintiff was admitted to OSH from February 3 to May 2, 2023. Roney Decl. ¶ 5 (ECF No. 35). On March 16, 2023, after an altercation between Plaintiff and another patient, Nurse Practitioner (NP) Kumler authorized the emergency administration of medication without Plaintiff's consent. *Id.* ¶¶ 8, 12. In a contemporaneous report, NP Kumler described Plaintiff's conduct and the circumstances that led to her decision:

> Mr. Ledford has had an increase in agitation and aggressive behaviors over the past week. He has appeared to be paranoid and delusional about a male peer on the unit. Today, the peer walked past him and unprovoked, Mr. Ledford started yelling at him to "get him the hell away from me!" He was then calling peer a "murderer," "I know a murderer when I see one," calling him an "illegal immigrant" and stating that "I'm a citizen of the United States and I know my rights!" Peer came out of his room and appeared agitated with these comments. Both patients got into a fighting stance and appeared ready to fight. Staff were able to get in between to separate them. Upon discussion with Mr. Ledford after the incident, he did not take responsibility for this altercation and stated that he was justified because the peer is "a murderer" and "illegal immigrant." He stated that he would not hit him first but would use "self-defense." He was also observed making a gun with his hands and pretending to shoot it toward the peer.
>
> ***
>
> I attempted to have a discussion with Mr. Ledford about his medications. I asked him about increasing his Vraylar and he declined stating, "It's at the perfect dose. I don't hallucinate anymore." He declined offers or discussions of any other medications except asked for Adderall because "my ancestors took it and it would really help me." "I need a stimulant." He was not rational when discussing the medications and did not have insight into his current symptoms.

*Id.* Att. 2 at 1. OSH nursing staff administered the medication after Plaintiff failed to comply with their instructions. *Id.* Att. 3. NP Kumler authorized the involuntary administration of medication for seven days. *Id.* Att. 2 at 2.

On March 29, 2023, the OSH Chief Medical Officer approved further involuntary medication of Plaintiff and on March 31, 2023, Plaintiff requested a hearing to contest that decision. Roney Decl. ¶ 13 & Att. 4-6.

Plaintiff later withdrew his request for a hearing and on April 7, 2023, the Office of Administrative Hearings issued an order dismissing the hearing and authorizing OSH to administer medication without Plaintiff's consent. *Id.* & Att. 7.

Aside from this instance, Plaintiff was not involuntarily medicated prior to his discharge from OSH on May 2, 2023. *Id.* ¶14.

**DISCUSSION**

Plaintiff alleges that Defendants failed to protect him from assault by another patient and unlawfully administered medication without his consent. *See Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (stating that persons in state custody "possess[] a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause"); *Ammons v. Wash. Dep't of Soc. & Health Servs.,* 648 F.3d 1020, 1027, 1029-30 (9th Cir. 2011) (explaining that "in the face of known threats to patient safety," state officials "may not act (or fail to act) with conscious indifference, but must take adequate steps … to prevent harm from occurring") (citation omitted). Defendants move for summary judgment on grounds that OSH is immune from suit and Plaintiff presents no evidence that Nurse Roney had personal involvement in the alleged deprivation of his rights.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that an issue of fact remains to be tried. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec.*, 475 U.S. at 587 (citation and quotation marks omitted). Because Plaintiff is self-represented, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v. Beard*, 789 F.3d 1125, 1133 (9th Cir. 2015). However, Plaintiff is not relieved of the "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, No. CV 10-5862-GAF (RNB), 2011 WL 13142131 (C.D. Cal. Dec. 5, 2011).

Defendants argue that Plaintiff cannot sustain a § 1983 claim against OSH because it is immune from suit for damages. Defendants are correct. OSH is an instrumentality of the State of Oregon, and a suit against OSH is the same as a suit against the State. However, the Eleventh Amendment provides the State with immunity from suit in federal court unless it waives that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Green v. Mansour*, 474 U.S. 64, 68 (1985). The State has not waived its immunity and Plaintiff cannot file suit against OSH in federal court.[2]

Next, Defendants assert that Nurse Roney did not witness Plaintiff's altercation with another patient on March 16, 2023 and did not administer medication to Plaintiff without his consent. Roney Decl. ¶¶ 8-10. Plaintiff presents no evidence to rebut Defendants' assertions and nothing in the record suggests that Nurse Roney failed to protect Plaintiff from a known threat to

---

[2] To the extent Plaintiff seeks injunctive relief, he is no longer admitted to OSH and any request for injunctive relief is moot.

his safety or participated in the involuntary administration of medication. In fact, Plaintiff now contends that other OSH officials—none of whom are named as Defendants—are liable for the alleged deprivation of his rights. Ledford Decl. ¶¶ 10-11 (ECF No. 37). It is well established that liability under § 1983 arises upon a showing of personal participation by each defendant, and Plaintiff must present facts plausibly suggesting that Nurse Roney, through her own actions, violated Plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff presents no such evidence.

Finally, Plaintiff has not identified the security guard who allegedly failed to protect him from harm, and any claim against a newly identified defendant arising from the events on March 16, 2023 would likely be barred by the two-year statute of limitations. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (stating that a two-year statute of limitations applies to § 1983 claims brought in Oregon).

For these reasons, Plaintiff fails to raise a genuine issue of fact to defeat summary judgment and Defendants' motion is granted.

**CONCLUSION**

Defendants' Motion for Summary Judgment (ECF No. 34) is GRANTED and this action is DISMISSED. Any appeal of this Order or Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 13th day of November, 2026.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge